UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILIP ERNEST DEBLASIO,

                Plaintiff,

       -against-

THE CITY OF NEW YORK,

                Defendant.

25-CV-5266 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, brings this action *pro se*. Plaintiff has not paid the fees to initiate this action or requested to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Assuming Plaintiff seeks to proceed IFP, he is barred from doing so under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). In *DeBlasio v. Williams*, ECF 1:19-CV-0201, 26 (S.D.N.Y. July 28, 2020), the court identified four actions that were dismissed for failure to state a claim or as frivolous and revoked Plaintiff's IFP status.[1] In the order revoking IFP, the court relied on Section 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] *See DeBlasio v. Dunbar*, et al., No. 18-CV-8204 (LLS) (S.D.N.Y. Dec. 18, 2018) (dismissed for failure to state a claim); *DeBlasio v. Kareem*, No. 18-CV-6843 (LLS) (S.D.N.Y. Feb. 19, 2019) (same); *DeBlasio v. Halleck*, No. 18-CV-6975 (LLS) (S.D.N.Y. Oct. 22, 2018) (same); *Deblasio v. Moriarty*, No. 09-0278-pr (2d Cir. Nov. 30, 2009) (appeal dismissed as frivolous).

Plaintiff cannot proceed with this action because he does not show that he is in imminent danger of serious physical injury.[1] Rather, Plaintiff alleges that, after he was convicted in 2018, and "cleared of this conviction" in 2021, he hired a law firm to file an action on his behalf in this court. He recently learned, however, that he does not have any pending cases in this court and presumably seeks to bring his claims on his own behalf. Plaintiff is barred, however from filing this action IFP. Should he want to pursue relief in a Section 1983 action, he may commence a new action by paying the filing fees.[2]

## CONCLUSION

The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g). Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] If Plaintiff does pay the fees, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   July 2, 2025
         New York, New York

                                                 /s/ Laura Taylor Swain
                                                   LAURA TAYLOR SWAIN
                                             Chief United States District Judge